[No. 9018.   Department Two.   November 15, 1910.]

CHARLES T. PETERSON, *Appellant*, v. PUGET SOUND BISCUIT COMPANY et al., *Respondents*.[1]

PLEADING—COMPLAINT—SUFFICIENCY—NEGOTIABLE INSTRUMENTS—FRAUDULENT CONVEYANCES. A complaint against a corporation and its receiver fails to set forth any cause of action against the defendants, where it merely sets up a promissory note given by the promoter of the corporation in payment for machinery, and alleges that the corporation and the promoter were one and the same person, the incorporation of the former being illegal, and that the assets of the corporation were the assets of the promoter, who was undertaking to cheat and defraud the plaintiff; it not being alleged that the defendants owed the plaintiff anything or had attempted to defraud the plaintiff.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered May 21, 1910, dismissing an action, upon sustaining a demurrer to a complaint setting up promissory notes and alleging fraud.   Affirmed.

*Bates, Peer & Peterson*, for appellant.

*J. W. A. Nichols*, for respondents.

PER CURIAM.—This appeal is from a judgment and order of court sustaining a demurrer to plaintiff's amended complaint, and rendering judgment thereon dismissing the same. The complaint embraces two causes of action on two promissory notes and, omitting the formal parts, alleges:

"(1) That J. W. A. Nichols is the duly appointed and qualified receiver of the Puget Sound Biscuit Company, having been appointed such on the —— day of December, 1909, in a certain cause herein pending, entitled, 'William Herlan, plaintiff, vs. Puget Sound Biscuit Company, a corporation, defendant.'

"(2) That on the 16th day of April, A. D. 1909, one Joseph Gawley purchased certain machinery of the Inland Empire Biscuit Company, a corporation, at Spokane, Wash-

[1]Reported in 111 Pac. 561.

ington, and gave therefor his promissory note to secure such purchase price, in words and figures as follows:

"$1,921.55         ·Spokane, Washington, April 16, 1909.

"Six months after date, without grace, for value received, I promise to pay to the order of the Fidelity National Bank ·of Spokane, at their office in Spokane, Washington, nineteen hundred twenty-one and 55-100 dollars, with interest from date at the rate of six per cent per annum, until paid; and in case suit is instituted to collect this note, or any portion thereof, we promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit.

·"No. 10082, Due Oct. 16, 1909        Joseph Gawley,
                                   "Peter  Sandberg.

           (Endorsement)
·"Gawley Foundry & Machine Wks.
    "By Joseph Gawley, Secy. & Treas.
       "Inland Biscuit Company,
          "By F. E. Krause, President.

"That in said transaction said Joseph Gawley was doing business in his individual name and under the firm name and style of Puget Sound Biscuit Company, and that said Joseph ·Gawley and Puget Sound Biscuit Company was one and the same person, that at the time of the purchase of said machinery and the making of said note, said Joseph Gawley was insolvent and for the purpose of defrauding plaintiff and his assignor, fraudulently and designedly pretended to have the sale of said machinery which was purchased and paid for wholly with said note transferred to himself under the name .and style of Puget Sound Biscuit Company; that thereafter and in furtherance of said design and scheme  to  defraud plaintiff or his assignor, said Joseph Gawley pretended to do business as the Puget Sound Biscuit Company, a corporation, .and made an ineffectual attempt to form a corporation under such name; that the pretended articles of incorporation there-·of were never regularly filed, nor was the capital stock there-·of regularly subscribed, nor a first meeting of the board of ·trustees thereof regularly had, and said pretended incorpor-.ation was not had in good faith nor participated in by said .Joseph Gawley nor the other persons connected therewith in good faith, but was managed and manipulated by said Joseph ·Gawley for his sole use and benefit all in furtherance of his said scheme and design to cheat and defraud plaintiff and his .assignor.   That said Puget Sound Biscuit Company, a cor-

poration, and Joseph Gawley, and the Puget Sound Biscuit Company were in fact one and the same person, and the assets and liabilities of said Joseph Gawley and of the said Puget Sound Biscuit Company and the said Puget Sound Biscuit Company, a corporation, were and are in fact wholly and solely assets and liabilities of Joseph Gawley."

The demurrer was to the effect that the complaint did not state facts sufficient to constitute a cause of action against the defendants.    The appellant has not, either by oral argument or brief, favored this court with an argument in support of the complaint, and we have been unable to conceive of any that would be tenable.    It is difficult to tell the character of the complaint.    It certainly was not an action on the notes, for the defendants were in no way parties to the notes; neither are they parties in interest under the allegations of the complaint.    If it was intended to set aside a fraudulent conveyance, the defendants are in no sense parties to the transaction. There is no allegation that the biscuit company owes the plaintiff anything, or that it ever did, or attempted to, defraud the plaintiff out of anything; but the allegations are that Gawley owes the plaintiff and that Gawley was undertaking to cheat and defraud plaintiff or his assignor.    It is even alleged affirmatively that the assets of the alleged biscuit company are in fact wholly and solely assets of Gawley. We are unable to discover any cause of action which is stated against the defendants.

The judgment will therefore be affirmed.